In the Matter of the Arbitration Between UNIVERSITY OF HAWAII, Plaintiff-Appellee, *v.* UNIVERSITY OF HAWAII PROFESSIONAL ASSEMBLY, on behalf of ROGER T. WATANABE, Defendant-Appellant

NO. 7198

(S. P. NO. 4644)

FEBRUARY 18, 1983

LUM, J., RETIRED JUSTICE MARUMOTO, IN PLACE OF NAKAMURA, J., RECUSED, AND RETIRED JUSTICES OGATA AND MENOR, ASSIGNED BY REASON OF VACANCIES*

*Per Curiam.* University of Hawaii Professional Assembly (UHPA), defendant-appellant, appeals from an order granting the motion of the University of Hawaii, plaintiff-appellee, to

---

* Chief Justice Richardson, who heard oral argument in this case, retired from the court on December 30, 1982. HRS § 602-10 (1982 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

vacate an arbitration award. The award had granted Roger Watanabe, a faculty member, promotion and back pay. The lower court vacated the award because it decided that the arbitrator had exceeded his powers. We affirm.

I.

In 1975 Watanabe sought a promotion to the rank of Specialist 4 in the Department of Agronomy and Soil Science. There is a dispute here whether a Ph.D. is required for that position. The Faculty Handbook, which contains the University's statement of the criteria for promotion, stated in the section describing the Specialist 4 rank in general, that a Ph.D. was required. The Departmental Criteria, however, which are drafted by an individual department and approved by the Council of Deans, do not include the Ph.D. requirement.

The promotion review procedure consists of seven levels, beginning in the faculty member's department and ending with the University President who makes the ultimate decision. In Watanabe's case, four of the first five levels recommended promotion, but the Chancellor and President decided against him. The President's decision rested solely on Watanabe's lack of a Ph.D. and did not discuss or refute the prior recommendations.

Watanabe filed a grievance according to the procedure outlined in the collective bargaining agreement between UHPA and the University covering the period from March 1975 to June 1977. This eventually led to arbitration in 1977.

First, the arbitrator decided that the Departmental Criteria were the proper guidelines. Since the Criteria did not require a Ph.D., the arbitrator decided that the University's denial of promotion based on a lack of that degree was arbitrary and capricious. The arbitrator then decided to award Watanabe promotion and back pay.

II.

We regard the arbitrator's decision to ignore the qualifications described in the Faculty Handbook as error. The arbitra-

234

tor decided to follow the Departmental Criteria as the sole standard.

In his decision the arbitrator wrote:

The ultimate question then arises whether or not the unilateral actions by the administration in attempting to engraft a Ph.D. requirement on the promotion criteria for Grievant's promotion was arbitrary or capricious under all the circumstances so that the Arbitrator should substitute his judgment for that of the official making such judgment as provided by Article XII, Step 4(b), P 22 of the Collective Bargaining Agreement (Joint Exhibit 1). In this regard, findings within an administrative setting without a rational basis are "arbitrary" and "capricious". *Tri-County Electric Co-op, Inc. v. Elkins,* 224 N.W.2d 785 (1974). In this sense, the negative promotion recommendation of the Dean of the College of Tropical Agriculture and Chancellor's Representative, Dr. Ashton, on the basis that the Grievant did not have a Ph.D., was arbitrary and capricious because none was required for promotion to S-4 in the Department of Agronomy and Soil Sciences as of November 24, 1975, the date on which the Grievant filed his application form for promotion. (Joint Exhibit No. 3). It was also arbitrary and capricious because the handbook policies of the employer contained in the handbook at P 3-10 relating to promotion to S-4 in the Department of Agronomy and Soil Sciences were in contravention of Article XV of the Collective Bargaining Agreement relating to conflicts between the Agreement and other employer policies, for the same reasons.

We find, however, that the Faculty Handbook (1973 Revision) is the basic authority governing classifications. It was established by the University Board of Regents pursuant to the mandate of statute.[1] It sets forth the criteria for promotion of

[1] HRS § 304-13 states in part:

Classification schedule. The board of regents shall classify all members of the faculty of the university including research workers, extension agents, and all personnel engaged in instructional work as defined in section 76-16 and adopt a classification schedule conforming, as nearly as may be practical, to the schedules set forth in chapter 77.

faculty members on the Manoa and Hilo campuses. And where there is a conflict between these criteria and criteria established other than by, or pursuant to a clear grant of authority by, the Board of Regents, the Handbook criteria must prevail. The Handbook criteria required a Ph.D. The grievant did not have a Ph.D. The arbitrator was therefore in error when he declared the application by the University of the Handbook criteria to have been arbitrary and capricious. We have emphasized that the arbitrator must accept the criteria established by the University in every case, and follow the University's interpretation unless he finds the University itself has failed to apply its criteria. *University of Hawaii Professional Assembly v. University of Hawaii,* 66 Haw. 207, 212, 659 P.2d 717, 720 (1983).

By deciding contrary to statute that the Faculty Handbook does not apply, the arbitrator exceeded his powers. HRS § 658-9(4)[2] allows us to vacate the award for that reason. *Brennan v. Stewarts' Pharmacies, Ltd.,* 59 Haw. 207, 223, 579 P.2d 673, 682 (1978). The arbitrator did not have the power to decide which qualifications to use; he should only have considered the limited question of whether the University had applied its qualifications in an arbitrary and capricious way. We therefore affirm the lower court's decision to vacate this award.

---

[2] § 658-9 Vacating award. In any of the following cases, the court may make an order vacating the award, upon the application of any party to the arbitration:

. . . .

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award, upon the subject matter submitted, was not made.

Where an award is vacated and the time, within which the agreement required the award to be made, has not expired, the court may in its discretion direct a rehearing by the arbitrators.

Pursuant to the discretion given us in HRS § 658-9, we direct that the arbitrator rehear this matter in accordance with this opinion.

*Sean Kim* (*Gill, Park, Park & Kim* of counsel) (*Lowell K. Y. Chun-Hoon* and *Herbert R. Takahashi* on the briefs) for defendant-appellant.

*Ronald Y. K. Leong* and *Cynthia Winegar,* Deputy Attorneys General, for plaintiff-appellee.